1980612-03

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CITADEL SA PLAZA, LLC** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 5:21-CV-1199** |
| | § | |
| **NORTHFIELD INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT NORTHFIELD INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant **NORTHFIELD INSURANCE COMPANY**, ("Northfield" or "Defendant"), files its Notice of Removal of this action from the 285th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix filed in support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

## I.
## INTRODUCTION

1.  On September 20, 2021, Plaintiff filed an Original Petition in the 285th Judicial District Court, Bexar County, Texas captioned *Citadel SA Plaza, LLC v. Northfield Insurance Company*, Cause Number 2021CI20007 (the "State Court Action"). Northfield's attorney was sent a courtesy copy of the Plaintiff's Original Petition by Plaintiff's counsel on November 11, 2021 with a request that counsel for Defendant accept service for Northfield. *See* email string attached hereto as Exhibit "A." Defendant agreed that its counsel could accept service and Defendant filed its Original Answer in the State Court Action on November 12, 2021. Northfield's first notice of a

lawsuit which could be removed to federal court was on November 11, 2021 and as a result, this Notice of Removal is timely.

## II.
## BASIS FOR REMOVAL

2.   This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3.   The Plaintiff seeks monetary relief of over $1,000,000. *See* Exhibit "B-1" at section III, paragraph 5, page 1. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

4.   Plaintiff is at the time of the filing of this action, has been at all times since, and still is a Texas Limited Liability Corporation, organized and incorporated in Texas. *See* Certificate of Formation attached hereto as Exhibit "C." The principal office and place of business of the Plaintiff is in San Antonio, Texas. *See* Exhibits "C" and "D." The members and managers of Plaintiff are Miriam Trevino and Leobardo Trevino, whose address is 8 Domino Dr., Unit 110, San Antonio, TX. 78257. *See* Exhibit "E". The Registered Agent of Plaintiff is Leobardo Trevino who resides and is domiciled in San Antonio, Bexar County, Texas. *See* Exhibit "D". After exhaustive research of all available public information, upon information and belief, the sole owners, managers and members of Plaintiff are citizens of the State of Texas. Further, Plaintiff is incorporated in Texas.

5.   For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.,* 435 F.3d 51 (1st Cir. 2006); *Handelsman v. Bedford Village Assocs. Ltd. P'ship,* 213 F.3d 48 (2nd Cir. 2000); *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114 (4th Cir. 2004); *Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed. Appx. 731 (6th Cir. 2002); *Wise v.*

*Wachovia Securities, LLC*, 450 F.3d 265 (7th Cir. 2006); *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827 (8th Cir. 2004); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020 (11th Cir. 2004).  It appears that Plaintiff's sole members and directors are all domiciled in Texas. *See* Exhibits "C", "D", and "E". Therefore, because the sole managers, members and directors are all Texas residents, Plaintiff is domiciled in and is a citizen of the State of Texas and has been at all times relevant to this suit, including the date of filing, the date of removal.

6. Defendant, Northfield Insurance Company at the time of the filing of this action, at the time of this removal, at all relevant times since and is currently, a citizen of the State of Connecticut because its principal place of business is in the State of Connecticut. Defendant Northfield Insurance Company is incorporated in the State of Iowa.

7. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas, while Defendant is a citizen of Connecticut, and Incorporated in the state of Iowa, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

8. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

9. The original Notice of Removal was filed within thirty (30) days after service (on November 11, 2021) by Defendant of the State Court Action.  The Notice of Removal is also filed within one year of the filing of Plaintiffs' Original Petition by which the State Court Action was

commenced. Defendant's Notice of Removal, therefore, is timely filed pursuant to 28 USC §1446 (b).

## III.
## PROCEDURAL REQUIREMENTS

10. In accordance with 28 USC section 1446 (D), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 285th Judicial District Court, Bexar County, Texas.

11. Defendant reserves the right to amend or supplement this Amended Notice of Removal.

12. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached hereto and incorporated herein by reference for all purposes:

    Exhibit A:    Email from Plaintiff's counsel

    Exhibit B:    State Court Docket Sheet

    Exhibit B-1:    Plaintiff's Original Petition

    Exhibit B-2:    Return Citation to Defendant

    Exhibit B-3:    Defendant's Original Answer

    Exhibit B-4:    Defendant's Jury Demand

    Exhibit C:    Certificate of Formation

    Exhibit D:    Texas Public Information Report

    Exhibit E:    Business Organization Inquiry

    Exhibit F:    State Court Notice of Filing Removal

13. For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully requests that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: December 6, 2021.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

By: *[signature]*

ROBERT F. SCHEIHING
State Bar No. 017736350
bscheihing@brock.law

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 6th day of December, 2021:

William T. Jones, Jr.  Fax No. 713/654-2155
Robert D. Green  Email: bjones@greentriallaw.com
Matthew J. Daher     green@greentriallaw.com
Green Klein & Wood    daher@greentriallaw.com
440 Louisiana St., Suite 1900
Houston, Texas 77002

*[signature]*
ROBERT F. SCHEIHING