1980612-04

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CITADEL SA PLAZA, LLC** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 5:21-CV-1199** |
| | § | |
| **NORTHFIELD INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

## APPENDIX TO NOTICE OF REMOVAL

Exhibit A:      Email from Plaintiff's counsel

Exhibit B:      State Court Docket Sheet

Exhibit B-1:    Plaintiff's Original Petition

Exhibit B-2:    Return Citation to Defendant

Exhibit B-3:    Defendant's Original Answer

Exhibit B-4:    Defendant's Jury Demand

Exhibit C:      Certificate of Formation

Exhibit D:      Texas Public Information Report

Exhibit E:      Business Organization Inquiry

Exhibit F:      State Court Notice of Filing Removal

**Cathleen Zaiontz**

| | |
|---|---|
| **From:** | Bill Jones <BJones@greentriallaw.com> |
| **Sent:** | Thursday, November 11, 2021 11:59 AM |
| **To:** | Cathleen Zaiontz; Andrea Galvan; Bobby Scheihing |
| **Cc:** | Samantha Galindo |
| **Subject:** | RE: Case No. 2021C120007; Citadel SA Plaza LLC v. Northfield Insurance Company; File No. 1980612 |

> You don't often get email from bjones@greentriallaw.com. Learn why this is important

We have also been trying to effect service through the TDI but that always takes awhile, so we figured we would reach out.

**From:** Cathleen Zaiontz <czaiontz@brock.law>
**Sent:** Thursday, November 11, 2021 10:05 AM
**To:** Andrea Galvan <agalvan@greentriallaw.com>
**Cc:** Bill Jones <BJones@greentriallaw.com>; Samantha Galindo <galindo@greentriallaw.com>
**Subject:** Case No. 2021C120007; Citadel SA Plaza LLC v. Northfield Insurance Company; File No. 1980612

Andrea,

Mr. Scheihing is waiting on a response from the client and will let you know as soon as he hears something.

**Cathy Zaiontz**
**Legal Secretary to Robert F. Scheihing**
**czaiontz@brock.law**



**BROCK ◆ GUERRA**
STRANDMO DIMALINE JONES, P.C.
17339 Redland Road | San Antonio, Texas 78247
www.brock.law          Telephone: 210.979.0100 | Fax: 210.979.7810

**From:** Andrea Galvan <agalvan@greentriallaw.com>
**Sent:** Wednesday, November 10, 2021 6:00 PM
**To:** Bobby Scheihing <bscheihing@brock.law>
**Cc:** Bill Jones <BJones@greentriallaw.com>; Samantha Galindo <galindo@greentriallaw.com>
**Subject:** Case No. 2021C120007; Citadel SA Plaza LLC v. Northfield Insurance Company; In the 285th District Court of Bexar County, Texas

Mr. Scheihing,

Attached please find a courtesy copy of the petition filed September 17, 2021 on behalf of Citadel SA Plaza LLC against your client, Northfield Insurance Company. Please let us know if you will accept service on behalf of Northfield.

Thank you.

1





**Andrea Galvan**
**Litigation Manager/Paralegal**
GREEN KLEIN & WOOD
440 Louisiana St., Ste. 1900
Houston, Texas 77002
Direct: (713) 425-5209
Office: (713) 654-9222
Fax: (713) 654-2155
Email: agalvan@greentriallaw.com
Web: www.greentriallaw.com

*Confidentiality Note: This message may contain information that is confidential or privileged under an attorney-client relationship. It is intended only for use of the individual or entity to whom it is addressed. Any other dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify our office immediately by replying to this e-mail and deleting the original message and any copies. Thank you.*

### 285th District Court

## Case Summary

### Case No. 2021CI20007

| | | |
|---|---|---|
| **Citadel SA Plaza LLC VS Northfield Insurance Company** | § § § | Location: **285th District Court**<br>Judicial Officer: **285th, District Court**<br>Filed on: **09/20/2021** |

---

### Case Information

Case Type: INSURANCE
Case Status: **09/20/2021  Pending**

### Assignment Information

**Current Case Assignment**
Case Number        2021CI20007
Court                    285th District Court
Date Assigned    09/20/2021
Judicial Officer  285th, District Court

---

### Party Information

*Lead Attorneys*

**Plaintiff**      **Citadel SA Plaza LLC**        **JONES JR, WILLIAM T**
*Retained*

**Defendant**  **Northfield Insurance Company**   **SCHEIHING, ROBERT F**
*Retained*

---

### Events and Orders of the Court

09/20/2021   New Cases Filed (OCA)

09/20/2021   PETITION

09/20/2021   REQUEST FOR SERVICE AND PROCESS

09/20/2021   JURY FEE PAID

09/28/2021   **Citation**
Northfield Insurance Company
Unserved

10/07/2021   RETURN OF SERVICE OF
*C/R FOR TEXAS DEPARTMENT OF INSURANCE*

11/12/2021   ORIGINAL ANSWER OF
*NORTHFIELD INSURANCE COMPANY*

11/12/2021   JURY DEMAND JURY FEE PAID
*Demand for Jury*



Printed on 12/03/2021 at 2:04 PM

FILED
9/20/2021 3:51 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin
Bexar County - 285th District Court

Case 5:21-cv-01199-FB-ESC   Document 1-1   Filed 12/06/21   Page 5 of 39
**2021CI20007**

CAUSE NO. _____

| | | |
|---|---|---|
| **CITADEL SA PLAZA, LLC,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **NORTHFIELD INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

---

## PLAINTIFF'S ORIGINAL PETITION

---

Plaintiff Citadel SA Plaza, LLC, ("Plaintiff"), complains of Defendant Northfield Insurance Company ("Defendant") and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2.      Plaintiff is a limited liability corporation in Texas.

3.      Defendant is an insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process through the Texas Department of Insurance, Chief Clerk Office, at P.O. Box 149104, MC 112-2A, Austin, Texas 78714-9104. The Commissioner shall then forward process to President, Northfield Insurance Company, 385 Washington Street St. Paul, Minnesota 55102.



DEFENDANT'S
EXHIBIT
B-1

4.      The Clerk is requested to issue Citations.

## III.
## JURISDICTION

5.      Plaintiff seeks monetary relief exceeding $1,000,000.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX. R. CIV. P. § 47.

6.      The court has jurisdiction over Defendant because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

7.      Venue is proper in Bexar County, Texas, because the insured property giving rise to this cause of action is situated in Bexar County, Texas.  TEX. CIV. PRAC. REM. CODE § 15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

8.      Defendant has been provided, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required pursuant to Tex. Ins. Code § 542A.003. Plaintiff has received a copy of such notice.

9.      All other conditions precedent to suit or payment under the policy have been satisfied by Plaintiff, excused, or waived by Defendant, or Plaintiff is excused from performance due to Defendant's prior breach of the policy.  Any failures by Plaintiff to satisfy any conditions precedent have not prejudiced the Defendant in this case.

## VI.
## FACTS

### A. The Property and Plaintiff's Customary Operations.

10.     Plaintiff is the owner and operator of a commercial retail and shopping center located at 4555 Walzem Road, San Antonio, Texas 78218, commonly known as Citadel Plaza. (the "Property"). Plaintiff is responsible for securing casualty insurance on the Property and leasing, repairing, and maintaining the Property. The Property is home to a variety of retail stores and businesses including a martial arts studio, a barber shop, a church, a hat store, a staffing business, and formerly contained a large Gold's Gym fitness club. As with all retail commercial properties, the Property also contains several tenant spaces which are at times unoccupied and are available for lease to a prospective tenant.



**Property Overview**



**Property Street View**

11.     Plaintiff's customary operations are to own, manage, maintain, build out, and lease the various tenant spaces at the Property.  Plaintiff employs a property manager who is responsible for assisting in operating the Property.  The property manager, while located offsite, frequently visits the Property to show unoccupied units to prospective tenants, collect rents, ensure the security of the Property, and to address any maintenance related issues.

12.     When a tenant space at the Property is occupied, Plaintiff's customary operations include those of a typical commercial landlord such as maintaining the Property, providing utilities, and collecting lease payments. When a tenant space is unoccupied, Plaintiff's customary operations include attempting to lease out such unoccupied tenant spaces to new tenants and renovating tenant spaces to prepare them for new tenants.  Throughout its ownership of the Property Plaintiff has continuously offered for lease all the unoccupied tenant spaces.

13.     Imagery capture by Google Street View cameras clearly shows Plaintiff has offered the Property for lease since at least June 2015:







14.     Currently, Plaintiff continues to advertise its un-occupied tenant spaces for lease through its street side signage and signs in the windows of the un-occupied spaces.

15.     Additionally, at the time of the fire discussed herein, the Property was being serviced by electrical utilities.

**B. Plaintiff's Insurance Policy with Defendant.**

16.     At all times material to the issues raised in this letter, the Property was insured by insurance policy number WH012059 issued by Defendant which was effective from 9/27/2019 – 9/27/2020 (the "Policy").  Plaintiff is the owner of the Policy and the named insured on the Policy.

17.     The Policy provides coverage for direct physical loss of or damage to the Property, including coverage for a loss caused by fire.  However, the Policy does not provide coverage for loss or damage to any building that has been vacant for more than sixty consecutive days before the loss or damage occurs or was vacant at policy inception.  Significantly, the Policy specifically defines "Vacancy" as follows:

**6. Vacancy**

**a. Description Of Terms**

(1) As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in **(1)(a)** and **(1)(b)** below:

(a) When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.

(b) When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:

(i) Rented to a lessee or sublessee and used by the lessee or sublessee to conduct its customary operations; and/or

(ii) Used by the building owner to conduct customary operations.

(2) Buildings under construction or renovation are not considered vacant.

## C. November 8, 2019 Fire.

18.     On November 8, 2019, a fire occurred at the Property (the "Fire") originating in the tenant space which was formerly occupied by Gold's Gym (the "Gym Space"). The fire, smoke and fire suppression efforts caused massive damage to Gym Space including damaging the walls, roof, ceilings, flooring, electrical system, and HVAC systems. The damages caused by and relating to the Fire are covered by the Policy.

19.     The following photographs show typical damage caused by the Fire:



**D. The Claim and Defendant's Wrongful Denial of the Claim.**

20.    On or about November 11, 2019, just a few days after the Fire, Plaintiff made an insurance claim with Defendant for damages caused by the Fire the ("Claim") and requested payment for damages covered by the Policy.

21.    Thereafter, Defendant assigned Raymond Bongiovanni to handle the Claim as its general adjuster.  At all material times, Bongiovanni and all other persons and entities that participated in the handling of the Claim were acting as agents or employees of Defendant in the course and scope of their agency or employment with Defendant. Accordingly, Defendant is liable for their acts and omissions.

22.    Defendant and Bongiovanni proceeded to investigate the Claim.

23.    On December 20, 2019, Defendant issued a letter acknowledging the Claim, reserving certain rights, and requesting certain documentation relating to the Claim.  Defendant contended the Policy's Vacancy provisions may limit or exclude coverage for the Claim.  The December 20 letter stated in part:

> As Northfield Insurance Company continues the investigation of this claim, we would like to advise you of the following policy provisions that may limit or exclude coverage for this loss.

Please refer to your **BUILDING & PERSONAL PROPERTY COVERAGE FORM,** specifically form number CP 00 10 10/12. I direct your attention to pages 10 and 11 which states, in part;

E. Loss Conditions:

6. Vacancy:

a.          Description of Terms

(1)         As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in (1)(a) and (1)(b)

*  *  *

(b) When the policy is issued to the owner of or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:

(i)    Rented to a lessee or sublessee and used by the lessee or sublessee to conduct its customary operations and/or

(ii)   Used by the building owner to conduct customary operations.

24.     On January 20, 2020, because it was concerned about Defendant's reservation of rights related to the clearly inapplicable Vacancy provision, Plaintiff retained a licensed public adjusting firm, Stone Claims Group (formerly Your Private Adjuster, Inc.) to assist Plaintiff with the Claim.

25.     On March 3, 2020, Plaintiff through Stone Claims Group provided the information to Defendant which was requested in the December 20th letter.

26.     On April 27, 2020, Defendant sent a letter to Plaintiff denying the Claim in full (the "Denial Letter") relying upon the Policy's Vacancy provision to support the denial.   The Denial Letter stated in part:

I write to advise you that Northfield Insurance Company ("Northfield") has completed its investigation of the insurance claim you presented arising out of a November 8, 2019 fire at 4555 Walzem Road, San Antonio, TX 78218 ("subject property"). Our investigation found that the subject property had been vacant for more than sixty consecutive days before the loss or damage occurred and, as a result the building being vacant, your policy does not provide coverage for the claim. The reasons for this determination are outlined below.

Per your insurance policy, when the policy is issued to the owner of or general lessee of a building, the building is considered vacant unless at least 31% of its total square footage is:

- Rented to a lessee or sublessee and used by the lessee or sublessee to conduct its customary operations and/or
- Used by the building owner to conduct customary operations.

Additionally, buildings under construction or renovation are not considered vacant.

During our initial inspection of the subject property, which occurred on December 9, 2019, we calculated the total square footage of the occupied units. Our computation calculated that less than 31% of the square footage of the building was occupied on this date, as follows:

| | |
|---|---|
| Total Square Footage Under Roof: | 52,980 |
| Total Square Footage Under Breezeway: | 6,578 |
| | |
| Total Square Footage Interior Space: | 46,402 |
| Perimeter: | 1,525 Liner Feet |
| Total occupied Square Feet: | 8,605 |
| Total vacant Square Feet: | 44,375 |
| Percentage occupied (Under Roof) | 16.3% (8,605/52,980) |
| Percentage occupied (Interior Space only) | 18.6% (8,605/46,402) |

As part of our investigation, you provided a rent roll which documented information similar to what was found through our inspection and computation. The rent roll, titled "Citadel SA Plaza – 4555 Walzem Road 78218", documented 8,884 square feet of occupied space within the building. As indicated by Ms. Tara Stone, it is our understanding that the information reflected on the rent roll reflects the occupancy of the subject property for the period of August 2019 through November 2019, including the date of loss.

27.     The Denial Letter concluded:

In summary, our investigation found that the subject property was vacant for more than sixty consecutive days before the November 8, 2019 fire. Unfortunately, your policy will not pay for loss or damage to a property that has been vacant for more than sixty consecutive days before loss or damage occurs therefore, your policy does not provide coverage for this claim.

28.     Defendant's denial letter was unequivocally wrong and a clear breach of the Policy.

29.     Plaintiff presented a Claim under the Policy for damages caused by the Fire. It was Defendant's responsibility to conduct a reasonable and thorough investigation of the Claim to determine the specific causes of the loss, the amounts of loss, and to properly apply coverage under the terms and conditions of the Policy.  Defendant failed to do so.  Rather, Defendant knowingly and intentionally misapplied the plain and unambiguous language of the Policy's Vacancy provision to wrongfully deny coverage for Plaintiff's Claim.  As discussed in the following paragraph the Policy's plain language and Texas and Fifth Circuit law clearly demonstrate the Property was not "Vacant" and coverage should have been provided for the Claim.

### E.  The Policy and Texas and Fifth Circuit Law Clearly Demonstrate the Property was not "Vacant".

30.     Insurance contracts are interpreted in the same way as ordinary contracts.  *American Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). When terms are defined by the policy, those definitions control its interpretation. *Trinity Universal Ins. Co. v. Cowan,* 945 S.W. 819, 823 (Tex. 1997). Courts must give the words used in the policy their plain, ordinary, and generally accepted meaning unless the policy itself indicates that they were used in a technical or specialized sense. *Security Mut. Cas. Co. v. Johnson,* 584 S.W.2d 703, 704 (Tex. 1979).

31.     If an insurance contract is susceptible to more than one reasonable interpretation, courts resolve the uncertainty in favor of coverage. *Id.* at 461 n.8; *Progressive County Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 809 (Tex. 2009); *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991) ("The court must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent."); *Bedford Internet Office Space, LLC v. Travelers Casualty Insurance Co.*, No. 3:12-cv-4322-N, 2014 WL 4230315 at *3 (N.D. Tex. Aug. 25, 2014). "Exceptions or limitations on liability are

strictly construed against the insurer and in favor of the insured." *Nat't Union Fire Ins. Co.*, 811 S.W.2d at 555. The relevant inquiry is whether the insured's construction of a term is reasonable. *Id.*

32.     The policy holder bears the burden to demonstrate coverage under the Policy, while the insurer bears the burden of establishing the applicability of any exclusions to coverage. *See Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998).

33.     Vacancy exclusions within commercial insurance policies are generally recognized as an affirmative defense. *See Bedford Internet Office Space, LLC v. Travelers Casualty Insurance Co.*, No. 3:12-cv-4322-N, 2014 WL 4230315 (N.D. Tex. Aug. 25, 2014). Therefore, under Texas law a party cannot obtain a no-evidence summary judgment on an affirmative defense for which it bears the burden of proof at trial. *Killam Ranch Props., Ltd. v. Webb County,* 376 S.W.3d 147, 157 (Tex. App.—San Antonio 2012, pet. denied).

34.     Vacancy is defined in the Policy and there is no question the Policy's definition of Vacancy applies to the Claim.

35.     Defendant wrongfully applied the definition of Vacancy to deny coverage for the Claim. Defendant focused solely on subpart (b)(i) of the definition of Vacancy in denying the Claim and failed to consider subpart (b)(ii) which clearly establishes a building is not Vacant if 31% of the building total square footage is "used by the building owner to conduct customary operations". Plaintiff agrees that less than 31% of the building's total square footage was "rented to a lessee or sublesse and used by the lessee or sublesse to conduct its customary operations". However, this fact does not preclude coverage because parts (b)(i) and (b)(ii) of the definition of Vacancy are conjunctive in that one or both of the sub-definitions can apply because of the "and/or" language between subparts (b)(i) and (b)(ii). Accordingly, coverage for the Fire must be provided if more

than 31% of the building's total square is used by lessees *or* the owner for "customary operations". Because Defendant determined 16.3% of the building was used by lessees for their customary operations (*See* April 27, 2020, denial letter) coverage must be provided if Plaintiff (the building owner) uses 14.7% (31% - 16.3%) or more of the building square footage for its own "customary operations".

36.    "Customary operations" is not defined in the Policy. Because "customary operations" is unambiguous it must be given its plain, ordinary, and generally accepted meaning. However even if "customary operations" were susceptible to more than one reasonable interpretation, any uncertainty must be resolved in favor of coverage. Further, because "customary operations" is part of the Vacancy exclusion it is a limitation on liability which must be strictly construed against the insurer and in favor of the insured.

37.    As described above, Plaintiff's "customary operations" include owning, managing, maintaining, servicing existing leases for occupied tenant spaces, and attempting to lease unoccupied tenant spaces. As with any commercial property, the number of tenants occupying the Property will fluctuate over time. When tenants leave at the end of their lease agreement, or if there is existing available tenant space at the Property, Plaintiff's customary operations include advertising and marketing to find tenants to occupy the Property. Plaintiff has continuously listed for lease and attempted to lease the unoccupied tenant spaces at the Property, including by continuously advertised the Property for lease by posting street side "For Lease" signage as well as "For Lease" signage in the windows of unoccupied tenant spaces. As such, 100% of the building square footage was leased or available for lease at the time of the Fire. Further, Plaintiff and its property managers have continuously and routinely conducted numerous showings of the Property to prospective tenants. Electrical utilities were maintained to the entire building. The property

managers also frequently visited the Property to show unoccupied units to prospective tenants, collect rents, to make sure the Property was secured, and to address any maintenance related issues. All these actions are part of Plaintiff's customary business operations. There is simply no question that at the time of the Fire 100% of the Property was being used by Plaintiff (the owner) for its "customary operation".

38.     Given the plain definition of Vacancy in the Policy, the Property was not Vacant at the time of the Fire because 100% of the Property was being used by the Property owner to conduct customary operations. Defendant's conduct in intentionally and knowingly disregarding sub part (b)(ii) of the Vacancy definition and contending the Property was Vacant is clear bad faith.

39.     Further, Texas Courts have determined a structure is not vacant for insurance purposes in the following similar situations:

a)    Dwelling not vacant, even though gas and electricity disconnected, when insured still had property in home and visited home occasionally. *Germania Farm Mutual Aid Ass'n v. Anderson*, 463 S.W.2d 24, 25 (Tex. App. – Waco 1971, *no writ*); and

b)    Dwelling considered occupied when owner and wife frequently visited property, mowed yard twice a month and house was still serviced by all utilities (except electric) at time of the fire. *Farmers Mutual Protective Ass'n v. Wright*, 702 S.W.2d 295, 297-298 (Tex. App. – Eastland, 1985, *no writ*).

c)    Dwelling not vacant when owner no longer living in the home makes repairs for the home to be sold. *Spates v. Republic Ins. Co.*, 756 S.W.2d 88, 91 (Tex .App. – San Antonio 1999, no writ);

d)    Dwelling not vacant when repairs are made, repairmen went occasionally, and the owner went by weekly and the owner was not completely moved out. *Knoff v. United States Fid. & Guar. Co.*, 447 S.W.2d 497, 501 (Tex. Civ. App.-Houston [1st Dist.] 1969, *no writ*);

40.     Given the facts and circumstances of the Claim, and applicable Texas law, the Property was not Vacant at the time of the Fire

41.     Plaintiff presented a claim under the Policy for damages caused by the Fire. It was Defendant's responsibility, not Plaintiff's to conduct a reasonable and thorough investigation of the Claim to determine the specific cause of the loss, the amount of loss, and proper coverage under Plaintiff's Policy. Defendant failed to do so and wrongfully denied Plaintiff's Claim.  To date, Defendant has refused to make any payment as owed on the Claim and continues to wrongfully deny Plaintiff's Claim.

42.     Although Defendant and its agents are required by Texas law and the Policy to conduct a reasonable and thorough investigation of the Claim, they clearly failed to do so.  Rather, Defendant and its agents conducted a substandard investigation of the Claim and failed to determine the full amount of Plaintiff's damages. Defendant's inadequate investigation is demonstrated by its wrongful denial of the Claim.

43.     The damages to the Property from the Fire and coverage for Plaintiff's Claim were obvious from the outset of Defendant's investigation but were overlooked by Defendant and its agents either intentionally or due to lack of diligence in an apparent effort to avoid liability.

44.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay for damages owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

45.     Defendant's improper handling of the Claim subjects it to liability pursuant to TEX. INS. CODE § 541.001, *et seq.* and TEX. INS. CODE § 542.051, *et seq.*

46.     Defendant violated TEX. INS. CODE § 541.060(a) and engaged in Unfair Settlement Practices by:

a)     Misrepresenting to Plaintiff material facts or policy provisions relating to the coverage at issue.  Specifically, Defendant represented to Plaintiff that the Policy does not provide coverage for the Claim relying on the Vacancy provision contained within the Policy when in fact the Policy unambiguously provides coverage for the Claim under the plain language of the definition of Vacancy because Plaintiff was using 100% of the building square footage to conduct its customary operations.

b)     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear.  More specifically, even though Defendant's liability under the Policy has always been reasonably clear, Defendant wrongfully denied coverage for the Claim in full.  Defendant acted in bad faith when it ignored the obvious language "used by the building owner to conduct customary operations" and instead relied only upon a calculation of a percentage of leased space to contend the building was Vacant.

c)     Refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim.  Defendant's investigation was clearly unreasonable because it failed to apply the plain and unambiguous language of the Policy to provide coverage to Plaintiff for the Claim.  Had Defendant conducted a reasonable and thorough investigation of the Claim it would have determined the actual amount of Plaintiff's losses and appropriately afforded coverage for such losses.

47.     Each of the foregoing unfair settlement practices was completed knowingly by Defendant and was a producing cause of Plaintiff's injuries and damages.

48.     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage is covered by the Policy. Defendant failed to conduct any reasonable investigation or provide any estimates to Plaintiff and misrepresented to Plaintiff about the coverage of the Policy. Thus, its denial to fully compensate Plaintiff was a misrepresentation of the Policy. Defendant's conduct constitutes a violation of TEX. INS. CODE § 541.060(a)(1).

---

49.     Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear. Specifically, Defendant adjusted the entire Claim with an outcome-oriented approach for the purpose of wrongfully denying coverage by misinterpreting and misapplying the Vacancy Provision in Plaintiff's Policy.   Defendant's conduct constitutes a violation of TEX. INS. CODE § 541.060(a)(2)(a).

50.     Defendant failed to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's Claim. Defendant's conduct constitutes a violation of TEX. INS. CODE § 541.060(a)(3).

51.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Defendant's issuance of the Denial Letter on April 27, 2020, was not issued within a reasonable time as Plaintiff's Claim was filed on November 11, 2019 over five months prior to Defendant's claim decision.  Further, Defendant has yet to timely affirm coverage for Plaintiff's Claim which should be afforded under Plaintiff's Policy.   Defendant's conduct constitutes a violation of TEX. INS. CODE § 541.060(a)(4).

52.     Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim.  Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable denial of Plaintiff's Claim.   Defendant's conduct constitutes a violation of TEX. INS. CODE § 541.060(a)(7).

53.     Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX.

INS. CODE § 542.058. Plaintiff, through Stone Claims Group provided all the information requested by Defendant. Additionally, all the damages to the Property were open and obvious and readily available for Defendant's inspection. Defendant ignored this evidence and instead wrongfully denied the Claim. Defendant's Denial Letter dated April 27, 2020, demonstrates it was in receipt of all items, statements, and forms that it would need to make a claim decision on that date. Accordingly, because more than 15 days have passed from that date without full payment on the Claim, Defendant has violated the time limits of TEX. INS. CODE §§ 542.058 and 542.059.

54.     Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of TEX. INS. CODE § 542.055.

55.     Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX. INS. CODE § 542.056.

56.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received any payment for Plaintiff's claim. The Property's covered damages under the Policy were made known to Defendant at the outset of the Claim investigation, yet Defendant refused to comply with their obligations and make payments owed under the Policy. Defendant's conduct constitutes a violation of TEX. INS. CODE § 541.058.

57.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

58.     Defendant knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

59.     Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION

60.     Defendant is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

61.     Plaintiff reincorporates and realleges every allegation in the preceding paragraphs as if fully set forth herein.

### A.     Breach of Contract.

62.     The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.   Defendant's breach proximately caused Plaintiff injuries and damages.   All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

**B.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

63.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

64.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(1).

65.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(2)(A).

66.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(3).

67.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(4).

68.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(7).

69.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX. INS. CODE § 542.003(5).

   **C.     Prompt Payment Of Claims Violations.**

70.     The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave Defendant notice. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE § 542.055. Specifically, Defendant failed to commence a proper investigation of the Claim and failed to request the documents and other forms it required to properly adjust Plaintiff's Claim within a reasonable time and manner;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE § 542.056. Defendant failed to provide Plaintiff with a proper explanation of its Claim decision. Defendant also failed to provide a proper explanation as to why additional time was needed for the investigation. Defendant has refused to provide proper evidence for its claim denial, specifically evidence for its denial pursuant to the vacancy clause in the Policy; and/or by

   c) Denying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly accept coverage for and adjust Plaintiff's Claim.

71.     Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX. INS. CODE § 542.060.

### D.     Breach Of The Duty Of Good Faith And Fair Dealing.

72.     Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear.  Defendant's conduct proximately caused Plaintiff injuries and damages.

## VIII.
## KNOWLEDGE

73.     Each of the Defendant's acts described above, together, and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

74.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

75.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

76.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX. INS. CODE § 541.152.

77.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, penalty interest per annum (calculated by adding five (5) percent to the current interest rate as determined by the Board of Governors of the Federal

Reserve System) of the amount of Plaintiff's Claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

78.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

79.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

80.     As a direct and foreseeable result of Plaintiff suffered foreseeable result of Defendant's acts and omissions in the mishandling of Plaintiff's claim, breach of contract, and violations of the Texas Insurance Code, Plaintiff suffered consequential damages which Plaintiff is entitled to recover.

## X.
## JURY DEMAND

81.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
## NOTICE OF INITIAL DISCLOSURES

82.     Plaintiff hereby states that pursuant to the Texas Rules of Civil Procedure, Defendant must disclose the information and documents listed in Rule 194.2 (b) (1) – (12) and must be produced to the office of Plaintiff's attorney no later than thirty (30) days after the first answer or general

appearance is filed. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XII.
## PRAYER

83.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court incurred on its behalf, for pre-judgment and post-judgment interest as allowed by law, and for such other relief as to which it may be justly entitled.

Respectfully submitted,

**GREEN KLEIN & WOOD**

By:     */s/ William T. Jones, Jr.*
WILLIAM T. JONES, JR.
State Bar No.: 24032601
bjones@greentriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
MATTHEW J. DAHER
State Bar No.: 24105113
daher@greentriallaw.com
440 Louisiana St., Suite 1900
Houston, Texas 77002
Telephone: (713) 654-9222
Facsimile: (713) 654-2155
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrea Galvan on behalf of William Jones, Jr.
Bar No. 24032601
agalvan@greentriallaw.com
Envelope ID: 57421296
Status as of 9/20/2021 4:50 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrea Galvan | | agalvan@greentriallaw.com | 9/20/2021 3:51:55 PM | SENT |
| Samantha Galindo | | galindo@greentriallaw.com | 9/20/2021 3:51:55 PM | SENT |
| Matt Daher | | daher@greentriallaw.com | 9/20/2021 3:51:55 PM | SENT |
| William T.Jones, Jr. | | bjones@greentriallaw.com | 9/20/2021 3:51:55 PM | SENT |

FILED
10/7/2021 9:32 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Elvira Enriquez
Bexar County - 285th District Court

IN THE 285TH JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CAUSE NO: 2021CI20007

CITADEL SA PLAZA LLC
VS
NORTHFIELD INSURANCE COMPANY

# RETURN

Came to my hand: __9/30/2021__ , at __12:55__ o'clock __P.M.__ , the following
specified documents:

- Citation
- Plaintiff's Original Petition
- Jury Demand
- Notice of Initial Disclosures

and executed by me on: __/O/5 / 1 21__ , at __2:03__ o'clock __pm__ , at

333 GUADALUPE ST., AUSTIN, TX 78701, within the county of TRAVIS, by delivering to
NORTHFIELD INSURANCE COMPANY, by delivering to TEXAS DEPARTMENT OF
INSURANCE, by delivering to __JUSTIN Brown_____, authorized agent, in
person, true copies of the above specified documents, in duplicate, having first
endorsed on each copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I
declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: GEORGE L. CASTILLO ; PSC 1440
Expiration Date: __9 / 30 /20 23__

STATE OF TEXAS  }

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known
to me to be the person whose name is subscribed to the foregoing document and, being by me first duly
sworn, declared that the statements and facts therein contained are within his/her personal knowledge
and experience to be true and correct. Given under my hand and seal of office on this the __5th__ day of
__October__ , 2021 .

Dana L. McMichael
ID #4733578
My Commission Expires
April 23, 2024

Notary Public

DEFENDANT'S
EXHIBIT
B-2

11/12/2021 12:00 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Teresa Diaz
Bexar County - 285th District Court

Case 5:21-cv-01199-FB-ESC   Document 1-1   Filed 12/06/21   Page 31 of 39
RFS:lea: 1980-612 ANS/JD

CAUSE NO. 2021CI20007

| | | |
|---|---|---|
| CITADEL SA PLAZA, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| NORTHFIELD INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **NORTHFIELD INSURANCE COMPANY,** Defendant in the above-entitled and numbered cause, and files this ORIGINAL ANSWER replying to PLAINTIFF'S ORIGINAL PETITION and for same says:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial and demands that Plaintiff prove its allegations by a preponderance of the evidence.

### NOTICE OF CONSENT TO ELECTRONIC SERVICE

Defendant consents to electronic service of pleadings, motions, orders, notices, and discovery in this cause _only_ when service is completed through eFileTexas.gov, the state-authorized electronic filing manager.

### PRAYER

WHEREFORE, Defendant **NORTHFIELD INSURANCE COMPANY** prays that Plaintiff recover nothing from it by way of this suit; that this Defendant recover costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may be justly entitled.

**DEFENDANT'S EXHIBIT**
B-3

111021  RFS:lea: 1980-612 ANS/JD

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _____
    ROBERT F. SCHEIHING
    State Bar No. 17736350
    Email: bscheihing@brock.law

ATTORNEYS FOR DEFENDANT
**NORTHFIELD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this ⎵⎵ day of _NOV._ , 2021, to:

William T. Jones, Jr.               Fax No. 713/654-2155
Robert D. Green                     Email: bjones@greentriallaw.com
Matthew J. Daher                           green@greentriallaw.com
Green Klein & Wood                         daher@greentriallaw.com
440 Louisiana St., Suite 1900
Houston, Texas 77002

_____
ROBERT F. SCHEIHING

Mary Angie Garcia   RFS:lea: 1980-612 ANS/JD
Bexar County District Clerk
Accepted By: Teresa Diaz
Bexar County - 285th District Court

CAUSE NO. 2021CI20007

| | | |
|---|---|---|
| CITADEL SA PLAZA, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| NORTHFIELD INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **NORTHFIELD INSURANCE COMPANY,** Defendant in the above-entitled and numbered cause, and makes this DEMAND FOR JURY TRIAL.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _____
ROBERT F. SCHEIHING
State Bar No. 17736350
Email: bscheihing@brock.law

ATTORNEYS FOR DEFENDANT
**NORTHFIELD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this _11_ day of _Nov_, 2021, to:

William T. Jones, Jr.
Robert D. Green
Matthew J. Daher
Green Klein & Wood
440 Louisiana St., Suite 1900
Houston, Texas 77002

Fax No. 713/654-2155
Email: bjones@greentriallaw.com
green@greentriallaw.com
daher@greentriallaw.com

_____
ROBERT F. SCHEIHING

**DEFENDANT'S**
**EXHIBIT**
tabbies®
B-4

FILED
In the Office of the
Secretary of State of Texas

JUN 2 4 2014

Corporations Section

## CERTIFICATE OF FORMATION OF
### CITADEL SA PLAZA, LLC
### A LIMITED LIABILITY COMPANY

This certificate of formation is submitted for filing pursuant to the applicable provisions of the Texas Business Organizations Code.

### Article I - Entity Name and Type

The name and type of filing entity being formed are:  Citadel SA Plaza, LLC, a Texas limited liability company (hereinafter "Company").

### Article II - Purpose

The purpose for which the Company is organized is any lawful purpose which may be undertaken by the company in accordance with the applicable provisions of the Texas Business Organizations Code.

### Article III - Registered Office and Registered Agent

The initial registered agent is an individual resident of the state whose name is Leobardo Trevino.  The business address of the initial registered agent and the initial registered office is: 15900 La Cantera Parkway, Ste 20275, San Antonio, Texas 78256.

### Article IV - Principal Office

The address of the Company's principal office in this state is:   15900 La Cantera Parkway, Ste 20275, San Antonio, Texas 78256.

### Article V - Organizer

The name and address of the organizer is:

| Name | Address |
|------|---------|
| Antonio Villeda | 5414 North 10th Street<br>McAllen, Texas  78504 |

### Article VI - Governing Authority

The company shall be managed by its Managers.  The name and address of the person who is to serve as a Manager until the first annual meeting of the company's Members or until successors are elected and qualified is:



DEFENDANT'S
EXHIBIT
C

| Name | Address |
|---|---|
| Leobardo Trevino | 15900 La Cantera Parkway, Ste 20275<br>San Antonio, Texas 78256 |

### Article VII - Effective Date of Filing

This certificate of formation becomes effective when the document is filed by the secretary of state.

### Article VIII - Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized to execute the filing instrument.

Date: June 24, 2014

_____

Antonio Villeda

DEFENDANT'S EXHIBIT D

## Texas Franchise Tax Public Information Report



Comptroller of Public Accounts FORM 05-102 (Rev.9-11/30)

*To be filed by Corporations, Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | ■ Report year | | | | You have certain rights under Chapter 552 and 559, Government Code, |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 5 | 4 | 4 | 0 | 8 | 2 | 4 | 2 | 0 | 1 | 9 | to review, request, and correct information we have on file about you. Contact us at (800) 252-1381or (512) 463-4600. |

**Taxpayer name**
CITADEL SA PLAZA, LLC

| Mailing address 17902 LA CANTERA PKWY | | | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|---|
| City SAN ANTONIO | State TX | ZIP Code 78257  Plus 4 | 0802015688 |

⬤ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
17902 LA CANTERA PKWY, SAN ANTONIO, TX 78257 8226

Principal place of business
17902 LA CANTERA PKWY, SAN ANTONIO, TX 78257 8226

*Please sign below!*
Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

3205444082419

**SECTION A**  Name, title and mailing address of each officer, director or manager.

| Name MIRIAM TREVINO | Title MEMBER | Director ◯ YES | Term expiration | m m d d y y |
|---|---|---|---|---|
| Mailing address 8 DOMINION DR UNIT 110 | City SAN ANTONIO | State TX | ZIP Code 78257 | |
| Name LEOBARDO TREVINO | Title MEMBER | Director ◯ YES | Term expiration | m m d d y y |
| Mailing address 8 DOMINION DR UNIT 110 | City SAN ANTONIO | State TX | ZIP Code 78257 | |
| Name | Title | Director ◯ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |

**SECTION B**  Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file. *(see instructions if you need to make changes)* Agent: **LEOBARDO TREVINO** | | Blacken circle if you need forms to change ◯ the registered agent or registered office information. |
|---|---|---|
| Office: **15900 LA CANTERA PARKWAY, SUITE 20275** | City SAN ANTONIO | State TX  ZIP Code 78256 |

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here ▶ Rosa Maria Diez | Title | Date 11-08-2019 | Area code and phone number ( 210 ) 698 - 7637 |
|---|---|---|---|
| | Electronic | | |

**Texas Comptroller Official Use Only**

| | VE/DE ◯ | PIR IND ◯ |
|---|---|---|

# TEXAS SECRETARY of STATE
# JOHN B. SCOTT

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 802015688 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | June 24, 2014 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32054440824 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | Citadel SA Plaza, LLC |
| **Address:** | 17902 LA CANTERA PKWY |
| | SAN ANTONIO, TX 78257-8226 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| **Last Update** | **Name** | **Title** | | **Address** | |
| May 5, 2017 | LEOBARDO TREVINO | MEMBER | | 8 DOMINION DR UNIT 110 SAN ANTONIO, TX 78257 USA | |
| May 5, 2017 | MIRIAM TREVINO | MEMBER | | 8 DOMINION DR UNIT 110 SAN ANTONIO, TX 78257 USA | |

[ Order ]    [ Return to Search ]

Instructions:
● To place an order for additional information about a filing press the 'Order' button.



DEFENDANT'S
EXHIBIT
E

1980612-02

CAUSE NO. 2021CI20007

| | | |
|---|---|---|
| CITADEL SA PLAZA, LLC | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| NORTHFIELD INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT NORTHFIELD INSURANCE COMPANY'S
## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that on the 6th day of December, 2021, Defendant NORTHFIELD INSURANCE COMPANY ("Defendant"), filed with the clerk of the United States District Court for the Western District of Texas, San Antonio Division, it's Notice of Removal, together with copies of all process, pleadings and orders served upon it in the action pending against it in the 285th Judicial District Court, Bexar County, Texas, styled *Citadel SA Plaza, LLC v. Northfield Insurance Company*, Cause Number 2021CI20007.

True and correct copies of the Notice of Removal and the Appendix filed in support of the Notice of Removal are attached hereto as Exhibit "A" and included herein by reference for all purposes.

All further proceedings with respect to this action shall take place before the United States District Court.



1980612

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

By: _____
ROBERT F. SCHEIHING
State Bar No. 17736350
bscheihing@brock.law

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 6th day of December, 2021:

William T. Jones, Jr.               Fax No. 713/654-2155
Robert D. Green                 Email: bjones@greentriallaw.com
Matthew J. Daher                    green@greentriallaw.com
Green Klein & Wood                 daher@greentriallaw.com
440 Louisiana St., Suite 1900
Houston, Texas 77002

_____
ROBERT F. SCHEIHING